IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN PASSMORE,<br>    Plaintiff<br><br>    v.<br><br>JEFFREY BEARD, et. al.,<br>    Defendants | CIVIL NO. 3:07-1842<br><br>(JUDGE NEALON)<br>(MAGISTRATE JUDGE MANNION) |

## MEMORANDUM and ORDER

On October 10, 2007, Plaintiff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of DC-ADM 801, which is the manual for inmate discipline policy and procedures, and alleging due process violations at his disciplinary hearing. (Doc. 1). On January 6, 2009, Magistrate Judge Malachy E. Mannion issued an Order construing the habeas petition as a civil rights action pursuant to 42 U.S.C. §1983 and directing Plaintiff to file a supplemental brief addressing exhaustion of state remedies by January 26, 2009. (Doc. 30). Plaintiff did not file a brief and, on March 20, 2009, Magistrate Judge Mannion issued a Report and Recommendation that the action be dismissed with prejudice for failure to prosecute. (Doc. 31). On March 25, 2009, Plaintiff filed a Motion to Withdraw[] Action. (Doc. 32). The action is ripe for disposition and, for the reasons set forth below, will be dismissed without prejudice.

1

FILED
SCRANTON

APR 2 4 2009

PER _____
DEPUTY CLERK

**Standard of Review**

When objections to a report and recommendation have been filed, the court must make a *de novo* determination of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Conversely, when no objections are made to a report, the district court is not statutorily required to review the magistrate judge's factual or legal conclusions under a *de novo* or any other standard. Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter, 2008 U.S. Dist. LEXIS at *4-5 (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837, 108 S. Ct. 120, 98 L. Ed. 2d 79 (1987)). Here, no objections were filed; thus, *de novo* review is not required. Regardless, an independent examination will be conducted.

## Discussion

The Report, dated March 20, 2009, stated that Plaintiff did not comply with a prior Order requiring him to file a supplemental brief by January 26, 2009. (Doc. 31, p. 2). The Magistrate Judge determined that Plaintiff's failure to file the brief as directed constituted a failure to prosecute subject to involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b). Id. The Rule provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

FED.R.CIV.P. 41(b). The Magistrate Judge explained that the Rule does not prohibit *sua sponte* dismissal of actions. (Doc. 31, pp. 2-3), citing Link v. Wabash R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Kenney v. California Tanker Co., 381 F.2d 775, 777 (3d Cir. 1967). The Report concluded:

> [T]he Court can not properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiff

3

> fails to comply with orders issued by this Court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

(Doc. 31, p. 3). Based on "the Court's inherent power to manage its docket", the Magistrate Judge recommended that the action be dismissed pursuant to Rule 41(b). Id.

In deciding whether to dismiss a case with prejudice, the courts should balance: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Barger, 260 Fed. Appx. at 477 (citing Poulis, 747 F.2d at 868). "In weighing the Poulis factors, the established presumption is that 'doubts should be resolved in favor of reaching a decision on the merits.'" Id. at 478 (citing Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984)).

"Dismissals for failure to prosecute are 'drastic' and 'extreme' sanctions and 'should be reserved' for cases where there has been 'flagrant bad faith' on the part

of the plaintiffs." Barger v. Walton, 260 Fed. Appx. 476, 477 (3d Cir. 2008), citing Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 867-68 (3d Cir. 1984). This type of willful or contumacious behavior was found in National Hockey League, wherein seventeen months elapsed and plaintiffs failed to answer crucial interrogatories despite numerous extensions, several admonitions by the Court, and broken promises and commitments by the plaintiffs. National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976); Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994).

In leu of objections to the Report and Recommendation, Plaintiff filed a motion to withdraw the instant action. (Doc. 32). This filing is construed as a motion for voluntary dismissal pursuant to Rule 41(a)(2). Bailey v. McMahon, 2008 U.S. Dist. LEXIS 55598, *4 (M.D. Pa. 2008) (Kane, J.) (construing plaintiffs' motions to withdraw their civil rights suit as motions for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2)); Whitfield v. Wilmington Police Dep't, 2007 U.S. Dist. LEXIS 70985 (D. Del. 2007) (converting motion to withdraw prisoner's section 1983 complaint to a motion for involuntary dismissal). Unlike the involuntary dismissal section discussed above, subsection (a) allows an action to be dismissed by court order without prejudice.

of the plaintiffs." Barger v. Walton, 260 Fed. Appx. 476, 477 (3d Cir. 2008), citing Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 867-68 (3d Cir. 1984). This type of willful or contumacious behavior was found in National Hockey League, wherein seventeen months elapsed and plaintiffs failed to answer crucial interrogatories despite numerous extensions, several admonitions by the Court, and broken promises and commitments by the plaintiffs. National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976); Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994).

In leu of objections to the Report and Recommendation, Plaintiff filed a motion to withdraw the instant action. (Doc. 32). This filing is construed as a motion for voluntary dismissal pursuant to Rule 41(a)(2). Bailey v. McMahon, 2008 U.S. Dist. LEXIS 55598, *4 (M.D. Pa. 2008) (Kane, J.) (construing plaintiffs' motions to withdraw their civil rights suit as motions for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2)); Whitfield v. Wilmington Police Dep't, 2007 U.S. Dist. LEXIS 70985 (D. Del. 2007) (converting motion to withdraw prisoner's section 1983 complaint to a motion for involuntary dismissal). Unlike the involuntary dismissal section discussed above, subsection (a) allows an action to be dismissed by court order without prejudice.

FED.R.CIV.P. 41(a)(2). In the motion, Plaintiff asserts that the reason he missed deadlines was "due to circumstances beyond his control." (Doc. 32). He alleges "he has been denied the adequate legal information and means to prosecute this action." Id.

Notably, when issuing his Report, the Magistrate Judge did not have this information and Plaintiff's last contact had been on November 18, 2008.

The decision whether to adopt the Report and Recommendation to dismiss the action with prejudice or to grant Plaintiff's motion for voluntary dismissal without prejudice must be made after balancing the Poulis factors. Poulis, 747 F.2d at 868; Barger, 260 Fed. Appx. at 477. First, Plaintiff contends he is not "personally responsible" because he was denied access to the law library. Regardless, he could have requested an extension and an additional two months passed before the Report was issued. Thus, factor one weighs against Plaintiff.

Next, Poulis requires an examination of the prejudice caused to the adversary by the failure to meet scheduling orders and of whether there is a history of dilatoriness. Poulis, 747 F.2d at 868 (finding consistent delays and prejudice to the defendant, who was obliged to file a motion to compel answers and to file its pretrial statement without the opportunity to review plaintiffs' pretrial statement which was due first). A discussion of the procedural history is helpful in this

6

determination. Plaintiff filed a habeas petition on October 10, 2007 and a show cause order required Defendants to respond by November 13, 2007. (Docs. 1, 9). They missed this initial deadline, but were subsequently granted two extensions. (Docs. 13, 21). Despite additional time, the response was still filed late, on January 4, 2008, but was accepted as timely and Plaintiff's two motions for default judgment were denied. (Docs. 16, 19, 21, 22). Plaintiff filed a traverse on January 23, 2008, making the matter ripe for disposition. (Doc. 23). In the year to follow, Plaintiff mailed a request for status of his case and filed an *in forma pauperis* motion. (Docs. 26, 27). Then, on January 6, 2009, the Magistrate Judge determined that the action was properly construed as a civil rights action pursuant to 42 U.S.C. § 1983 and ordered Plaintiff to file a supplemental brief regarding exhaustion. (Doc. 30). He failed to submit a supplemental brief or to request an extension; however, considering the delay in this matter through no fault of Plaintiff, Poulis factors two and three weigh in his favor.

The fourth consideration is "whether the conduct of the party or the attorney was willful or in bad faith." Barger, 260 Fed. Appx. at 477 (citing Poulis, 747 F.2d at 868). In Barger, the Court determined that the plaintiff-prisoner's failure to complete service of process forms was not "willful" because he explained that his mail was being lost and he had been in disciplinary detention. Id. (stating that

factor four's "'willfulness' requires a showing of 'intentional or self-serving behavior.'"). The Barger Court concluded that the plaintiff's motions for appointment of counsel reflected his difficulty in understanding the orders, rather than a willful attempt to evade execution of a service of process form. Id.; Poulis, 747 F.2d at 867-68; Adams, 29 F.3d at 875. Here, Plaintiff's motion to withdraw explains why he failed to file a supplemental brief and there is no basis to term his conduct "contumacious."[1] Thus, the fourth factor is found in Plaintiff's favor.

With respect to factor five, granting Plaintiff's motion for voluntary dismissal would be an effective sanction other than dismissal with prejudice. Barger, 260 Fed. Appx. at 478; Poulis, 747 F.2d at 869. Further, it would allow the Court to "control its docket" and "properly protect the rights of all parties." See (Doc. 31, p. 3). Factor five is therefore satisfied.

Finally, Poulis requires consideration of the merits of Plaintiff's claim. Poulis, 747 F.2d at 869-70. "The meritoriousness of the claim for this purpose must be evaluated on the basis of the facial validity of the pleadings, and not on summary judgment standards." Scarborough, 747 F.2d at 875. Without Plaintiff's supplemental brief, a decision on exhaustion of remedies cannot be fairly assessed,

---

[1] Again, it is noted that the Magistrate Judge did not have this information when issuing the Report and Recommendation.

see Williams v. Kort, 2007 U.S. Dist. LEXIS 52314, *8 (M.D. Pa. 2007) (Rambo, J.); regardless, it does not appear that he has asserted facially valid claims.

The amended complaint alleges, first, that Plaintiff was not afforded due process at his disciplinary hearing and that his confinement of 630 days on nine (9) charged misconducts is unconstitutional. (Doc. 1, ¶¶ 6, 17). However, "[c]onstitutionally mandated procedures are only necessary where protected interests are involved, and, under Sandin, protected liberty interests are limited to freedom from restraint that 'impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Armstrong v. Brooks, 283 Fed. Appx. 906, 909-10 (3d Cir. 2008) (citing Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)). "Confinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest." Walthour v. Tennis, 2008 U.S. Dist. LEXIS 72710 *17 (M.D. Pa. 2008) (Vanaskie, J.) (citing Sandin, 515 U.S. at 486). "In a recent case, the Third Circuit Court of Appeals held that, where an inmate failed to allege that he was subjected to atypical conditions during his 930 day sentence to disciplinary confinement, he failed to show a deprivation of a cognizable liberty interest under Sandin." Id. (citing Young v. Beard, 227 Fed. Appx. 138 (3d Cir. 2007)). Thus, there is a

presumption that Plaintiff's first claim may be lacking merit.

Plaintiff also asserts that DC-ADM 801 is void for vagueness. (Doc. 1, ¶ 7). Other district courts in the Third Circuit have held, however, that DC-ADM 801 more than adequately requires that procedural due process be afforded to the inmates involved in disciplinary proceedings pursuant to its terms and is not unconstitutional on its face. Thompson v. Lehaman, 1992 U.S. Dist. LEXIS 1795 (E.D. Pa. 1992). Thus, it does not appear this claim is meritorious and factor six weighs against Plaintiff.

Balancing all the Poulis factors, it is concluded that factors one and six weigh against Plaintiff, but the remaining four factors are in his favor. Therefore, the motion for voluntary dismissal pursuant to Rule 41(a) will be granted.

## Conclusion

The Magistrate Judge's recommendation that the action be dismissed will be adopted; however, the action will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a), rather than with prejudice under Rule 41(b).

Date: April 23, 2009

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN PASSMORE,
    Plaintiff

          CIVIL NO. 3:07-1842

v.

          (JUDGE NEALON)
JEFFREY BEARD, et. al.,   (MAGISTRATE JUDGE MANNION)
    Defendants

## ORDER

AND NOW, THIS 23rd DAY OF APRIL, 2009, **IT IS HEREBY**

**ORDERED THAT:**

1. The Report and Recommendation (Doc. 31) is **ADOPTED** in part.

2. The action is **DISMISSED WITHOUT PREJUDICE** pursuant to FED.R.CIV.P. 41(a).

3. Plaintiff's Motion to Withdraw Action (Doc. 32) is construed as a motion for voluntary dismissal and is **GRANTED**.

4. The Clerk of Court is directed to **CLOSE** this case.

                                                            **United States District Judge**